**In re John R. HINELINE, Debtor.**

**John R. HINELINE, Plaintiff,**

**v.**

**HOUSEHOLD FINANCE CORP., et al., Defendants.**

Bankruptcy No. 83–02265.
Adv. No. 85–0110.

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 29, 1987.

Verne Armstrong, Toledo, Ohio, for I.R.S.

John J. Hunter, Toledo, Ohio, for debtor.

## ORDER AUTHORIZING IRS TO DIRECT ALLOCATION OF PAYMENTS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the proposed findings of facts and conclusions of law and response thereto filed after a pretrial conference was held as the result of an order of the United States District Court reversing an order of this court and remanding this cause for further consideration. Upon review of this cause, the court finds that the Internal Revenue Service should be authorized to allocate the manner in which its tax lien shall be paid.

On December 29, 1983, Debtor filed a voluntary petition under chapter 11 of Title 11, listing the Internal Revenue Service (IRS) on Schedule A–1 as a creditor having priority. Debtor listed IRS' claim as $7,000. IRS subsequently filed a proof of claim on February 17, 1984 for the amount of $7,730.11 and on September 13, 1984 for the amount of $856.13. Although Debtor had filed his petition under chapter 11, he chose to liquidate his estate and on April 8, 1985 filed a complaint to sell certain real property free and clear of liens against several defendants, including the Internal Revenue Service. IRS answered the complaint indicating that no objection to the sale would be made so long as its lien attached to the sale proceeds in the same amount and with the same relative priority as had attached to the real property. The sale was consummated.

Thereafter, Debtor attempted to direct the allocation of the sale proceeds to the claim of IRS, to which IRS objected. This court held that IRS' objection was not well taken and should be overruled. *In re Hineline*, 57 B.R. 248 (Bkrtcy.N.D.Ohio 1986). An appeal from that order was taken by IRS. On January 30, 1987, the judgment of this court was reversed and the cause remanded to this court with instructions to consider Debtor's attempt to direct the allocation of sale proceeds in light of the following factors:

(1) the totality of the pre- and post-bankruptcy facts and circumstances;

(2) the history of the debtor;

(3) the absence or existence of pre-bankruptcy collection or "enforced collection measures" of the IRS;

(4) the nature and contents of a chapter 11 plan (e.g. last resort liquidation or reorganization);

(5) the presence, extent and nature of administrative and/or court action;

(6) the presence of pre- or post-bankruptcy agreements between the debtor and the IRS; and

(7) the existence of exceptional or special circumstances or equitable reasons warranting such allocation.

*Hineline v. Household Finance Corp.*, 72 B.R. 642, 644–45 (D.N.D.Ohio 1987) (citing *In re B & P Enterprises, Inc.*, 67 B.R. 179, 183–84 (Bkrtcy.W.D.Tenn.1986)).

The instant proposed findings of facts and conclusions of law were submitted to this court after a pretrial conference. A response to these proposals was filed by Debtor indicating that exception is taken to paragraph 18 of that document for the reason that the above factors reflect a flexible rule for determining who may direct allocation of IRS payments. Specifically paragraph 18 provides:

18. This Court finds that the Debtor has the burden of establishing that all seven of the factors enunciated in paragraph 17 [enumerating the 7 factors above] above, are favorable to the Debtor, in order that payments to the United States in a Chapter 11 proceeding are to be considered voluntary.

The district court instructed this court to consider Debtor's attempt to direct allocation of payments in light of the seven factors listed above. Application of the facts to these factors follows.

The circumstances of this bankruptcy case, the first factor, include that Debtor filed a petition under chapter 11 on December 29, 1983, but chose to liquidate, rather than reorganize his estate. As such, he sold the real estate upon which IRS had a lien allowing said lien to attach to the sale proceeds. IRS had filed at least four no-

tices of Federal Tax Lien prior to the commencement of Debtor's bankruptcy case. IRS also filed two proofs of claim totalling $8,586.24. The pre and post bankruptcy circumstances evidence Debtor's lack of affirmative action to pay or make arrangements for payment of his tax liabilities.

The second factor, the history of the Debtor, reflects IRS' attempt to levy on Debtor's property and Debtor's lack of attention to those levies. The third factor weighs in favor of IRS as IRS attempted pre-bankruptcy collection measures as evidenced by their four notices of Federal Tax Levy. The fourth factor calls for analysis of a chapter 11 plan. Debtor has not filed a plan of reorganization, but instead is liquidating his assets under a chapter 11 petition. The fifth factor regards the IRS' Notice of Levy as a court action or administrative effort to collect its delinquent taxes and thus weighs in favor of IRS. The sixth factor also favors IRS as Debtor has not entered an agreement regarding payment of his delinquency. The seventh factor is not supported by the facts in this case as Debtor has not shown any exceptional or special circumstances warranting this court's finding that Debtor may direct allocation of his payments.

Following the district court's order and applying the factors set forth in *In re B & P Enterprises, Inc.* to the facts in this case, this court finds that Debtor has not set forth any equitable reasons why Debtor should be allowed to direct allocation of his IRS payments and that the other six factors also weigh in favor of IRS, allowing IRS to direct allocation of Debtor's payments. The district court having rejected the fashioning of a per se rule in determining if Debtor may direct allocation of his payment, this court finds that, in the instant situation, Debtor has failed to set forth sufficient facts for this court to find he may direct allocation of his IRS payments. Applying the factors set forth by the district court, it is therefore

ORDERED that the Internal Revenue Service be, and it hereby is, authorized to

allocate the manner in which its tax lien shall be paid and satisfied.